IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL DOUGLAS KUHN                                                                    PLAINTIFF

v.                        Civil No. 5:23-cv-05026

DEPUTY BILBREY,
Washington County Detention Center (WCDC);
DEPUTY PHIPPS, WCDC;
CORPORAL BREWER, WCDC;
SERGEANT BYRD, WCDC; and
CORPORAL CORLEY, WCDC                                                                  DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Michael D. Kuhn, currently an inmate of the Washington County Detention Center ("WCDC"), has filed a civil rights action under 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(b).

### I.     BACKGROUND

According to the allegations of the Amended Complaint (ECF No. 9), on December 21, 2022, at approximately 1:20 p.m., Deputy Bilbrey and Deputy Phipps, were serving lunch "when a trustee spilled" Kool-Aid resulting in a "large puddle." *Id*. at 4. Even though a fellow inmate, John Scharnhorst ("Scharnhorst"), warned staff of the danger, the puddle was not cleaned up. *Id*.

1

Scharnhorst was allegedly told that staff would get it later, but this did not occur. *Id.* at 5.

When Plaintiff was given his hour out of his cell, he began to walk from his cell to Scharnhorst's cell but slipped in the puddle and fell. (ECF No. 9 at 5). Plaintiff fell on his back causing him to suffer pain in his back, tail bone, buttocks, and "right back of upper leg" for approximately six weeks. *Id.*

Plaintiff indicates a photograph was taken of the puddle. (ECF No. 9 at 5). He also indicates Scharnhorst asked for the video to be saved. *Id.* A grievance was submitted complaining of spills not being cleaned up as well as staff kicking food trays at walls and down the stairs. *Id.* With respect to the Corporal Brewer, Sergeant Byrd, and Corporal Corley, Plaintiff contends they "were responsible for making s[]ure defendants and trustees cleaned up messes" and took all food related items out of the pod following meal service. *Id.* at 6. This included removal of all meal related trash and spills from the common areas for the safety of the inmates. *Id.* at 6, 9.

As relief, Plaintiff seeks compensatory damages in the amount of $15,000. Plaintiff also seeks punitive damages.

## II.     LEGAL STANDARD

Under the IFP statute, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious; (2) fail to state a claim upon which relief may be granted; or, (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1-2).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

### III. DISCUSSION

Section 1983 requires proof of two elements: (1) the conduct complained of must be committed by a person acting under color of state law, and (2) the conduct must deprive the plaintiff of rights or privileges secured by the Constitution or laws of the United States.

#### A. Eighth Amendment in General

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998) (quotations and citation omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).[1]

---

[1] The Eighth Circuit applies the Eighth Amendment standard to claims brought by pretrial detainees and convicted inmates. *Davis v. Oregon Cnty., Mo.*, 607 F.3d 543, 548 (8th Cir. 2010). Plaintiff did not enter convicted status until March 7, 2023. (ECF No. 9 at 2).

3

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels*, 382 F.3d at 875 (citations and internal quotation marks omitted). The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

### B.  Slip and Fall

"[S]lippery floors constitute a daily risk faced by members of the public at large." *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004). In *Reynolds*, the court noted that in general slippery prison floors do not make out an Eighth Amendment claim. *Id.  See also Davis v. Dorsey*, 167 F.3d 411, 412 (8th Cir. 1999) (affirming summary judgment against detainee who slipped in shower after defendants ignored complaints about standing water in the shower; holding the claim amounted to no more than negligence); *Walker v. Reed*, 104 F.3d 156, 157-58 (8th Cir. 1997) (slip and fall in water on the bathroom floor is a claim of negligence and not actionable under the Fourteenth or Eight Amendments). Negligence does not violate the Constitution. No plausible § 1983 claim has been stated against the Defendants based on the slip and fall.

### C.  Official Capacity Claim

Plaintiff has also sued Defendants in their official capacities. Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels*

*Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). To hold a governmental entity liable, a plaintiff must establish that a municipal policy or custom caused the deprivation of his constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 389-91 (1989). As no deprivation of a constitutional right exists, there can be no official capacity liability. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). No plausible official capacity claim has been stated.

### IV.    CONCLUSION

For these reasons, it is recommended that:

(1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(2) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g), and thus, the **Clerk** is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and,

(3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of March 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE